IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUITY BANK, SSB, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 06-0460-CG-B |
| CHAPEL OF PRAISE A.L.D.C.M., INC.; APOSTOLIC LATTER DAY CHRISTIAN MINISTRIES, INC.; TEMPLE OF FAITH; and ADMINISTRATOR of U.S. SMALL BUSINESS ADMINISTRATION, | ) |
| Defendants. | ) |

## ORDER

A bench trial was held and testimony was taken and other evidence was received in this matter on September 26, 2007. As stipulated by the parties, the court finds that Chapel of Praise has defaulted under the terms of its promissory note to Equity Bank; therefore, Equity Bank is entitled to foreclose on the encumbered property. The court also finds that Equity Bank is entitled to equitable subrogation of $352,457.20 of its December 2003 mortgage. As such, $352,457.20 of Equity Bank's December 2003 mortgage has priority over the Small Business Administration's mortgage and the SBA's mortgage has priority over the remaining $70,000 of Equity Bank's December 2003 mortgage.

## DISCUSSION

This case arises from a dispute over the validity and priority of mortgages encumbering property located at 5413 Lott Road, Eight Mile, Alabama. At issue are mortgages currently held by two entities, the United States Small Business Association ("SBA") and Equity Bank, SSB.

1

The SBA was granted a mortgage on the property in October 2003 in the amount of $408,600. Approximately two months later, on December 2, 2003, Equity Bank's predecessor in interest was granted a mortgage on the property in the amount of $422,457.20. The parties disputed the validity of the SBA's mortgage and this court determined on summary judgment that the SBA was entitled to reformation of its mortgage such that the SBA was granted a valid mortgage on behalf of the true title owner, as was clearly intended. (Doc. 59). The court also found that Equity Bank is entitled to equitable subrogation to the extent the proceeds from its loan were used to pay off certain prior indebtedness, namely 1998 and 1999 mortgages granted to SouthTrust Bank. As such, the court found that the portion of Equity Bank's mortgage that represents the amount payed toward the prior SouthTrust mortgages has priority over SBA's mortgage. However, the amount of the mortgage granted to Equity Bank exceeded the amount owed on the prior SouthTrust mortgages and little or no evidence was submitted at summary judgment from which the court could determine the amount owed on the prior mortgages.

At the trial of this matter, the only issues left for the court to determine were what amount of Equity Bank's mortgage was used to pay off the prior SouthTrust mortgages and whether the Chapel of Praise was in default under the terms of its promissory note, secured by Equity Bank's mortgage. The church defendants stipulated or conceded at the trial that Chapel of Praise was in default and that Chapel of Praise had no defense to Equity Bank's action for foreclosure. A representative of Equity Bank testified that the balance owing by Chapel of Praise as of September 26, 2007, including accrued interest and late charges was $466,945.15.

As to the amount which went to pay off the 1998 and 1999 SouthTrust loans, the parties presented very little evidence. The parties reported that both the bank documents and the

borrower's documents which would show the amounts paid on the SouthTrust mortgages at the time the new mortgage was entered into have been lost or destroyed. The church defendants profess that their documents were destroyed when the church on the property in question was damaged by a hurricane. Equity Bank submits that it has diligently attempted to obtain any and all information regarding the accounting for the loans in question from its predecessors in interest but has been unsuccessful.

The SBA loan mortgage document expressly states that at the time the SBA mortgage was executed, the mortgage held by SouthTrust had an approximate balance of $352,000.00. (Plaintiff's Ex. 3, p. 1). The SBA contends that although the document was drafted by the SBA, the figure is unreliable. The SBA argues that the $352,000.00 figure was provided to them by the church defendants. However, the SBA has offered no evidence indicating that the figure is inaccurate or unreliable. In fact, the SBA has offered no evidence that the amount owed on the SouthTrust mortgages was different than the $352,000.00 stated in its mortgage document.

Bishop Arthur Holmes testified at trial that he remembers that "three-hundred something" was owed on the prior SouthTrust loans but that he does not know exactly how much was owed. Holmes also testified that the majority of the funds from the new loan were used to pay off the prior loans but that about $70,000.00 of the new loan was for repairs to the church. Notably, no evidence contrary to his statements was offered by any party. Subtracting the $70,000.00 obtained for the purpose of repairs from the amount obtained under the new loan, $422,457.20, leaves $352,457.20 to pay off the prior SouthTrust loans. This figure is consistent with the other evidence offered by the parties regarding the amount owed on the prior SouthTrust mortgages. Accordingly, after a review of all of the evidence, the court finds that the portion of Equity Bank's

mortgage that should be equitably subrogated is $352,457.20. As such, $352,457.20 of Equity Bank's mortgage has priority over the SBA mortgage. The SBA's mortgage has priority only over the remaining $70,000 of Equity Bank's mortgage plus interest and other charges.

## CONCLUSION

For the reasons stated above, the court finds and hereby **DECLARES** that:

1. Chapel of Praise is in default under the terms of its promissory note to Equity Bank and therefore, Equity Bank is entitled to a judgment against Chapel of Praise in the amount of $405,283.29, plus interest and costs (which, as of September 26, 2007, equaled $466,945.15), plus attorneys fees, and is also entitled to foreclose on the encumbered property located at 5413 Lott Road, Eight Mile, Alabama.

2. Equity Bank is entitled to equitable subrogation of $352,457.20 of its December 2003 mortgage. As such, $352,457.20 of Equity Bank's December 2003 mortgage has priority over the SBA's October 2003 mortgage.

3. The SBA's October 2003 mortgage has priority over the remaining $70,000 (plus interest and other charges) of Equity Bank's December 2003 mortgage.

The court **FURTHER ORDERS** that Equity Bank file with the court the appropriate documents and a proposed judgment necessary to effectuate the above declarations and to accomplish the foreclosure sought in this action.

**DONE** and **ORDERED** this 27th day of September, 2007.

    /s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE